KAREN LECRAFT HENDERSON,
Circuit Judge, concurring in the judgment.
I agree that this case should be remanded because the district court relied on an inadequate administrative record to support the administrative law judge’s (ALJ’s) award of 810 hours of compensatory education to Mathew Reid. Nevertheless, I write separately to emphasize my view that, despite the district court’s equitable authority under the Individuals with Disabilities Act (IDEA), see Sch. Comm. of Burlington v. Dep’t ofEduc., 471 U.S. 359, 374, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), to “hear additional evidence at the request of a party” and “grant such relief as the court determines is appropriate,” 20 U.S.C. § 1415(i)(2)(B)(ii) & (iii), the record in an IDEA case is supposed to be made not in the district court but primarily at the administrative level, where the parties and the school authorities, sometimes with input from other professionals, can tailor an individualized education plan (IEP) to the student’s needs. Id. at § 1415(f)(l)-(2) & (h). Denying a party’s request to hear additional evidence is a valid exercise of the district court’s discretion that should be upheld except where, as here, the administrative record is deficient. Had the ALJ made a sufficient record, I would not have hesitated to affirm the district court’s *528 grant of summary judgment without additional proceedings.